Roger Hennagin, OSB #73134
roger@hennagin-lawyers.com
ROGER HENNAGIN, P.C.
8 North State Street, Suite 300
Lake Oswego, Oregon 97034
Telephone: (503) 636-0400
Fax: (503) 636-6003

Of Attorneys for Plaintiff, William Haden

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| WILLIAM HADEN, an individual, | No. _____ |
| Plaintiff, | |
| vs. | COMPLAINT<br>(29 U.S.C. § 1132(a)(1)(B);<br>Breach of Contract) |
| CASCADE BANCORP, an Oregon corporation; | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff alleges as follows:

**JURISDICTIONAL FACTS**

1.

Plaintiff's claims for relief arise under both a federal statute and the common law of the State of Oregon. This court has original jurisdiction over the first claim for relief that is brought under federal statute pursuant to 28 USC §1331. This court has supplemental jurisdiction over the state law claim in the second claim for relief pursuant to 28 USC § 1367.

1   -   COMPLAINT

2.

All transactions material to these claims for relief occurred in the State of Oregon. Defendant is incorporated in and its corporate headquarters are located in this district. Therefore, venue properly lies within this district.

**PARTIES**.

3.

At all material times, William Haden (Haden) was an individual, a resident of Oregon, a former employee of Cascade Bancorp and a participant in and beneficiary of a "top hat" deferred benefits plan funded by and administered by Cascade Bancorp.

4.

Cascade Bancorp (Bank) is a financial institution, incorporated in the State of Oregon, with headquarters in Bend, Oregon.

5.

At all material times, Cascade Bancorp has operated under the assumed business name of "Bank Of The Cascades."

**OPERATIONAL FACTS**

6.

From 2003 until 2012 Haden was employed by Bank as one of its executive vice-presidents stationed in Bank's Medford offices.

/ / /

/ / /

/ / /

2   -   COMPLAINT

7.

In consideration for services performed by its top executives Bank provided both a Supplemental Employee Retirement Plan (SERP) more commonly referred to as a "top hat" plan plus a Deferred Bonus Agreement. Both plans were initially registered with the United States Department of Labor and were, at all times material to these claims for relief, subject to the Employee Retirement Income Security Act (29 U.S.C. § 1001, et seq.). Copies of both the SERP and the Deferred Bonus Agreement are attached to this complaint, marked Exhibits A and B, and incorporated by this reference.

8.

Haden resigned from Bank's employ effective as of October 31, 2011.

9.

At the time of his resignation Haden inquired about his eligibility for retirement benefits pursuant to the above plan and agreement. Bank responded to Haden in writing confirming his eligibility for the full amount of the benefits under both the plan and the agreement. A copy of bank's response is attached to this complaint, marked Exhibit C, and incorporated by this reference.

10.

On February 9, 2012, Bank notified Haden that it considered him to have forfeited benefits to which he would otherwise have been entitled pursuant to the above-described plan and agreement.

/ / /

/ / /

11.

In spite of Haden's demand that Bank pay him benefits to which he is entitled pursuant to the two group benefit programs.  Bank has failed and refused to do so.

**FOR HIS FIRST CLAIM FOR RELIEF AGAINST DEFENDANT PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)  plaintiff alleges:**

12.

Haden realleges paragraphs 1 through 11, above.

13.

Bank violated relevant provisions of both its SERP plan and its Deferred Bonus Agreement when it denied Haden's claim to eligibility for future benefits under both programs.

14.

Pursuant to 29 U.S.C. § 1132(a)(1)(B) Haden is entitled to a judgment and decree of this court ordering Bank to reinstate his eligibility for all future benefits provided by both of the above programs and to pay him all past benefits which Bank has failed and refused to pay.

15.

Pursuant to 29 U.S.C. § 1132(g), et seq. Haden is entitled to recover his reasonable attorneys fees from Bank.

/ / /

/ / /

4    -    COMPLAINT

**ALTERNATIVELY, FOR HIS SECOND CLAIM FOR RELIEF AGAINST DEFENDANT FOR BREACH OF CONTRACT,** plaintiff alleges:

16.

Haden realleges paragraphs 1 through 11 of this complaint.

17.

On or about October 31, 2013, Bank promised to pay to Haden all benefits to which he would have been entitled pursuant to both of Bank's programs.

18.

Haden has performed all conditions required of him pursuant to Bank's promise and commitment.

19.

Bank has breached the parties' agreement by failing and refusing to pay to Haden benefits to which he is entitled pursuant to the agreement of the parties.

**DAMAGES**

20.

Haden has been denied benefits that would be payable pursuant to Bank's written promise in the sum of $722,000.00.

/ / /

/ / /

/ / /

/ / /

/ / /

5    -    COMPLAINT

**WHEREFORE**, plaintiff prays for a judgment and decree against defendant as follows:

 A. Decreeing that Haden is entitled to full benefits pursuant to both Bank's SERP plan and its deferred bonus plan and ordering Bank to pay those benefits to Haden;

 B. Awarding Haden his reasonable attorney's fees;

 C. Alternatively awarding Haden his economic damages in the sum of $722,000 or decreeing that defendant make monthly payments as promised;

 D. Awarding Haden his costs and disbursements;

 E. Awarding such other equitable relief as the court deems to be appropriate.

DATED this 30TH day of September, 2013.

ROGER HENNAGIN, P.C.

*/s/ Roger Hennagin*
Roger Hennagin, OSB #73134
Of Attorneys for Plaintiff

**VERIFICATION**

I, William Haden, hereby verify that the above Complaint states facts that are true and accurate to the best of my knowledge.

_____  Date: September 30, 2013.
William Haden

6 - COMPLAINT